FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

|  |  |  |  |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | CAUSE NO: | 2 : 06 CR 136 PS |
|  | ) |  | 08 cr 164 |
| v. | ) | 18 U.S.C. § 371 |  |
|  | ) | 18 U.S.C. § 1343 |  |
| ISSACHAR B. HUMPHREY | ) | 18 U.S.C. § 1344 |  |
|  | ) | 18 U.S.C. § 2(a) |  |

FILED

MAR 7 - 2008

**INDICTMENT**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**THE GRAND JURY CHARGES:**

**COUNT 1**

From in or about August 2004, the exact dates being unknown to the grand jury, in the

Northern District of Indiana, and elsewhere,

**ISSACHAR B. HUMPHREY,**

defendant herein, unlawfully, willfully and knowingly did combine, conspire, confederate and

agree with persons known and unknown to the Grand Jury to commit wire and bank fraud against

the United States by the following means:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By:
DEPUTY CLERK
Date: 3/3/08

1

#1

## OBJECT OF THE CONSPIRACY

**INTRODUCTION**

1. Bank One was a financial institution engaged in interstate commerce and had offices and bank branches in Illinois.

2. Bank One was a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC").

3. The defendant, Issachar Humphrey, had a checking account at Bank One located in the State of Illinois. Furthermore, Issachar Humphrey had a Bank One debit card for this account.

4. Harrah's East Chicago was a gambling casino located in East Chicago, Indiana.

5. Global Cash Access was a business based in Las Vegas, Nevada and was engaged in interstate commerce. Global Cash Access processed and cleared electronic fund transfers for various banks and other facilities located throughout the United States.

6. All processing and clearing of electronic fund transfers by Global Cash Access which were done for Harrah's East Chicago, involved the transmission of electronic information from inside the State of Indiana to outside the State of Indiana, and across various state boundary lines.

7. As part of the routine course of business at Harrah's East Chicago, individuals wishing to gamble could obtain a cash advance on either their credit card or through a debit to their bank debit card.

8. To obtain a cash advance with a credit card, an individual would have to present a valid

2

credit card to casino officials and request a cash advance in a specific dollar amount.

9. To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

10. With either a cash advance with a credit card or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (e.g., requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Nevada by interstate wire to Global Cash Access. Global Cash Access would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Cash Access would either approve or disapprove the request. This approval or denial was then wired back to Harrah's East Chicago, located in the State of Indiana.

11. If approved, the amount of the credit card advance or debit card withdrawal was given to the individual in the form of a check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This check was then cashed by the Casino and the funds were given to the individual.

**B. PURPOSE OF THE SCHEME AND ARTIFICE**

12. In or about August of 2004, the defendant devised and intended to devise a scheme and artifice to attempt to defraud Bank One and Harrah's East Chicago by obtaining and attempting to obtain money and funds of Bank One and Harrah's East Chicago that the defendant was not legally entitled to.

3

C.    **THE SCHEME AND ARTIFICE**

OVERT ACTS

As part of this scheme and artifice, ISSACHAR HUMPHREY, did

13.    Knowingly plan to deposit into his Bank One savings account a worthless deposit at an

ATM vestibule and attempt to take a cash advance on that deposit prior to the discovery

by Bank One or Harrah's East Chicago that, in fact, the deposit made into his Bank One

savings account was worthless.

14.    On or about August 30, 2004, Issachar Humphrey did cause to be deposited into his Bank

One savings account a worthless deposit in the amount of $3,612.02 through the use of an

empty envelope at an ATM vestibule.  The purpose of this deposit was to fraudulently

inflate the available account balance so that a cash advance could be taken against this

amount.

15.    That on or about August 31, 2004, Issachar Humphrey, did travel to Harrah's East

Chicago in East Chicago, Indiana, and attempted to use the funds from this $3,612.02

worthless deposit to engage in a $2,500.00 debit card transaction.

16.    That Issachar Humphrey did present his Bank One debit card to Harrah's East Chicago

officials and requested that his savings account be debited for $2,500.00 and that he be

given $2,500.00 cash.

4

## D. THE (WIRE) COMMUNICATION

On or about August 31, 2004, in the Northern District of Indiana,

### ISSACHAR B. HUMPHREY

the defendant herein, for the purpose of executing the above-described scheme and attempting to

do so, did knowingly cause to be transmitted in interstate commerce from Harrah's East Chicago

located in East Chicago, Indiana, to Global Cash Access in Las Vegas, Nevada by means of a

wire communication, certain signals, that is, electronic data and information, which was

necessary to complete a $2,500.00 cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 371 and 2(a).

**THE GRAND JURY FURTHER CHARGES**:

<u>COUNT 2</u>

On or about August 31, 2004, in the Northern District of Indiana,

**ISSACHAR B. HUMPHREY**

the defendant herein, for the purpose of executing the below-described scheme and attempting to do so, did knowingly cause to be transmitted in interstate commerce from Harrah's East Chicago located in East Chicago, Indiana, to Global Cash Access, in Las Vegas, Nevada by means of a wire communication, certain signals, that is, electronic data and information, which was necessary to complete a $2,500.00 cash back debit card transaction;

**A.      INTRODUCTION**

1.      Bank One was a financial institution engaged in interstate commerce and had offices and bank branches in Illinois.

2.      Bank One was a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC").

3.      The defendant, Issachar Humphrey, had a savings account at Bank One located in the State of Illinois. Furthermore, Issachar Humphrey had a Bank One debit card for this account.

4.      Harrah's East Chicago was a gambling casino located in East Chicago, Indiana.

5.      Global Cash Access was a business based in Las Vegas, Nevada and was engaged in interstate commerce. Global Cash Access processed and cleared electronic fund transfers for various banks and other facilities located throughout the United States.

6.      All processing and clearing of electronic fund transfers by Global Cash Access which

6

were done for Harrah's East Chicago, involved the transmission of electronic information from inside the State of Indiana to outside the State of Indiana, and across various state boundary lines.

7. As part of the routine course of business at Harrah's East Chicago, individuals wishing to gamble could obtain a cash advance on either their credit card or through a debit to their bank debit card.

8. To obtain a cash advance with a credit card, an individual would have to present a valid credit card to casino officials and request a cash advance in a specific dollar amount.

9. To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

10. With either a cash advance with a credit card or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (e.g., requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Nevada by interstate wire to Global Cash Access. Global Cash Access. would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Cash Access would either approve or disapprove the request. This approval or denial was then wired back to Harrah's East Chicago, located in the State of Indiana.

11. If approved, the amount of the credit card advance or debit card withdrawal was given to the individual in the form of a check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This check was then cashed

7

by the Casino and the funds were given to the individual.

**B.     PURPOSE OF THE SCHEME AND ARTIFICE**

12.     In or about August of 2004, the defendant devised and intended to devise a scheme and

artifice to attempt to defraud Bank One and Harrah's East Chicago by obtaining and

attempting to obtain money and funds of Bank One and Harrah's East Chicago that the

defendant was not legally entitled to.

**C.     THE SCHEME AND ARTIFICE**

OVERT ACTS

As part of this scheme and artifice, ISSACHAR HUMPHREY, did

13.     Knowingly plan to deposit into his Bank One savings account a worthless deposit at an

ATM vestibule and attempt to take a cash advance on that deposit prior to the discovery

by Bank One or Harrah's East Chicago that, in fact, the deposit made into his Bank One

savings account was worthless.

14.     On or about August 30, 2004, Issachar Humphrey did cause to be deposited into his Bank

One savings account a worthless deposit in the amount of $3,612.02 through the use of an

empty envelope at an ATM vestibule.  The purpose of this deposit was to fraudulently

inflate the available account balance so that a cash advance could be taken against this

amount.

15.     That on or about August 31, 2004, Issachar Humphrey, did travel to Harrah's East

Chicago in East Chicago, Indiana, and attempted to use the funds from this $3,612.02

worthless deposit to engage in a $2,500.00 debit card transaction.

16.     That Issachar Humphrey did present his Bank One debit card to Harrah's East Chicago

8

officials and requested that his savings account be debited for $2,500.00 and that he be

given $2,500.00 cash.

## D. THE (WIRE) COMMUNICATION

On or about August 31, 2004, in  the Northern District of Indiana,

### ISSACHAR B. HUMPHREY

the defendant herein, for the purpose of executing the above-described  scheme and attempting to

do so, did knowingly cause to be transmitted in interstate commerce from Harrah's East Chicago

located in East Chicago, Indiana, to Global Cash Access in Las Vegas, Nevada, by means of a

wire communication, certain signals, that is, electronic data and information, which was

necessary to complete a $2,500.00 cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 1343 and 2(a)

**THE GRAND JURY FURTHER CHARGES**:

## COUNT 3

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 16 of

Count One of this indictment.

2.    On or about August 31, 2004, in the Northern District of Indiana,

### ISSACHAR B. HUMPHREY

the defendant herein, for the purpose of executing the above-described scheme and attempting to

do so, did knowingly use a Bank One debit card to attempt to engage in the unauthorized

withdrawal of $2,500.00 from Bank One, a financial institution insured by the Federal Deposit

Insurance Corporation ("FDIC");

All in violation of Title 18, United States Code, Section 1344 and 2(a).


A TRUE BILL:


s/ Foreperson
FOREPERSON



JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY



By:    s/ Clarence Butler, Jr.
Clarence Butler, Jr.
Assistant United States Attorney


10

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case   Case 2:06-cr-00136-PPS-APR   document 23   filed 12/03/2007 (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| Northern | Indiana |

District of

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| ISSACHAR B. HUMPHREY | Case Number:    2:06 CR 136 PS |
| | USM Number:    15070-026 |

**Date of Original Judgment:**  November 30, 2007
**(Or Date of Last Amended Judgment)**

Clark Holesinger
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
X  Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant   ☐ 28 U.S.C. § 2255 or
    ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

x  pleaded guilty to    1
☐ pleaded nolo contendere to count(s)
   which was accepted by the court.
☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy to Commit Bank Fraud | 7/11/2004 | 1 |

The defendant is sentenced as provided in pages 2    through 6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
x  Count(s)    2 and 3    ☐ is  x  are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 30, 2007
Date of Imposition of Judgment

s/Philip P. Simon
Signature of Judge

Philip P. Simon, U.S. District Court Judge
Name and Title of Judge

December 3, 2007
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By:
DEPUTY CLERK
Date  3/3/08

Judgment — Page __2__ of __6__

DEFENDANT:    ISSACHAR B. HUMPHREY
CASE NUMBER:    2:06 CR 136 PS

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term    6 months

☐  The court makes the following recommendations to the Bureau of Prisons:

x    The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____    ☐ a.m.  ☐ p.m.  on _____    .

    ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____    .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

case 2:06-cr-00136-PPS-APR    document 23    filed 12/03/2007    page 3 of 6

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release                                                                (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __3__ of __6__

DEFENDANT:          ISSACHAR B. HUMPHREY
CASE NUMBER:     2:06 CR 136 PS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   3 YEARS

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2)    The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4)    The defendant shall support the defendant's dependents and meet other family responsibilities.

5)    The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6)    The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.

9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10)    The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

11)    The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)    The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15)    The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 3C — Supervised Release                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page ____4____ of ____6____

DEFENDANT:        ISSACHAR B. HUMPHREY
CASE NUMBER:      2:06 CR 136

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall participate in a drug aftercare treatment program under a co-payment plan which may include testing for the detection of drugs of abuse at the direction and discretion of the probation officer.

The defendant shall participate in a co-payment program to offset the cost of treatment. The co-payment amount is based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the Probation Officer's Sliding Scale For Monthly Co-Payment.

While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition #7.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___5___ of ___6___

DEFENDANT:    ISSACHAR B. HUMPHREY
CASE NUMBER:    2:06 CR 136 PS

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ NONE | $ 8,896.83 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Bank One (Chase) | | $8,896.83 | $8,896.83 |

| TOTALS | $ _____ | $ 8,896.83 |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐  the interest requirement is waived for    ☐ fine    x restitution.

☐  the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5 A — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __6__ of __6__

DEFENDANT:        ISSACHAR B. HUMPHREY
CASE NUMBER:      2:06 CR 136 PS

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   X   Lump sum payment of $ _8,996.83_____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,     ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C      (Rev. 06/05) Amended Judgment in a Criminal Case
    Sheet 6A — Schedule of Payments                                                           (NOTE: Identify Changes with Asterisks (*))

TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
## CRIMINAL DOCKET FOR CASE #: 2:06-cr-00136-PPS-APR-1
### Internal Use Only

Case title: United States of America v. Humphrey

Date Filed: 08/17/2006
Date Terminated: 11/30/2007

Assigned to: Judge Philip P Simon
Referred to: Magistrate Judge Andrew
P Rodovich

## Defendant (1)

**Issachar B Humphrey**
*TERMINATED: 11/30/2007*

represented by **Clark W Holesinger**
Law Office of Clark W Holesinger
334 W 806 N
Valparaiso, IN 46385
219-763-7246
Fax: 219-548-3368
Email: clark.334@verizon.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 3/3/08

## Pending Counts

18:371 & 18:2 CONSPIRACY TO
DEFRAUD THE UNITED STATES
and AIDING & ABETTING
(1)

## Disposition

BOP: 6 months. Supervised Release of
3 years. Special Assessment of $100.00.
No fine imposed. Restitution of
$8,896.83 to Bank One (Chase).

## Highest Offense Level (Opening)

Felony

## Terminated Counts

18:1343 & 18:2(a) FRAUD BY WIRE
COMMUNICATIONS and AIDING &
ABETTING
(2)


18:1344 & 18:2(a) BANK FRAUD and
AIDING & ABETTING

## Disposition

Pursuant to Rule 48(a) of the Federal
Rules of Criminal Procedure and by
ORDER of the Court, counts 2 and 3
are DISMISSED agnst dft Issachar B.
Humphrey.

Pursuant to Rule 48(a) of the Federal
Rules of Criminal Procedure and by
ORDER of the Court, counts 2 and 3

(3)                                                     are DISMISSED agnst dft Issachar B.
                                                        Humphrey.

**Highest Offense Level (Terminated)**
Felony

**Complaints**                               **Disposition**
None

---

**Plaintiff**

**United States of America**            represented by   **Clarence Butler - AUSA, Jr**
                                                         US Attorney's Office - Ham/IN
                                                         5400 Federal Plaza Suite 1500
                                                         Hammond, IN 46320
                                                         219-937-5659
                                                         Fax: 219-852-2770
                                                         Email: USAINN.ECFCivil@usdoj.gov
                                                         *TERMINATED: 06/08/2007*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Daniel L Bella - AUSA**
                                                         US Attorney's Office - Ham/IN
                                                         5400 Federal Plaza Suite 1500
                                                         Hammond, IN 46320
                                                         219-937-5500
                                                         Fax: 219-852-2770
                                                         Email: daniel.bella@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2006 | 1 | SEALED INDICTMENT as to Issachar B Humphrey (1) count(s) 1, 2, 3. (kjp, )Case unsealed on 6/4/07 and pdf attached on 6/5/2007 (kjp). (Entered: 08/18/2006) |
| 08/18/2006 | 2 | ARREST Warrant Issued in case as to Issachar B Humphrey. (kjp, ) (Entered: 08/18/2006) |
| 06/01/2007 | 3 | Rule 5(c)(3) Documents Received as to Issachar B Humphrey (kjp) Case unsealed on 6/4/07 and pdf attached on 6/5/2007 (kjp). Modified on 6/5/2007 (kjp). (Entered: 06/04/2007) |
| 06/04/2007 |  | Case unsealed as to Issachar B Humphrey (plm) (Entered: 06/04/2007) |
| 06/07/2007 |  | Judge update in case as to Issachar B Humphrey. Judge Andrew P Rodovich added. (plm) (Entered: 06/07/2007) |

| 06/07/2007 | ❶ | Arrest of Issachar B Humphrey (plm) (Entered: 06/07/2007) |
|---|---|---|
| 06/07/2007 | ❶4 | INITIAL APPEARANCE as to Issachar B Humphrey held on 6/7/2007 before Judge Andrew P Rodovich. Govt appeared by AUSA Dean Lanter. Dft appeared w/o Atty. Tonika Cooper appeared on behalf of U S Probation/Pretrial Services. Dft advised of constitutional rights, charges, penalties. Dft requests court-appointed counsel. Dft sworn re financial status. Request GRANTED. Clerk to notify Federal Public Defender to appoint counsel. Govt moves for detention. GRANTED. Detention Hearing/Arraignment set for 6/11/2007 01:00 PM in Hammond before Magistrate Judge Andrew P Rodovich. Dft REMANDED into temporary custody. (Digitally Recorded.) (plm) Modified on 6/7/2007 (Miller, Pat). (Entered: 06/07/2007) |
| 06/08/2007 | ❶5 | MOTION to Substitute Attorney by United States of America as to Issachar B Humphrey. (Bella - AUSA, Daniel) (Entered: 06/08/2007) |
| 06/08/2007 | ❶6 | CJA 20 as to Issachar B Humphrey: Appointment of Attorney Clark W Holesinger for Issachar B Humphrey on 6/8/07. (plm) (Entered: 06/08/2007) |
| 06/08/2007 | ❶7 | ORDER GRANTING 5 MOTION to Substitute Attorney by United States of America as to Issachar B Humphrey. AUSA Daniel L Bella is substituted for former AUSA Clarence Butler. Signed by Judge Andrew P Rodovich on 6/8/07. (cer) (Entered: 06/11/2007) |
| 06/11/2007 | ❶8 | DETENTION HEARING/ARRAIGNMENT as to Issachar B Humphrey held on 6/11/2007 before Judge Andrew P Rodovich. Govt appeared by AUSA Daniel Bella. Dft appeared with atty Clark Holesinger. Tonika Cooper appeared on behalf of U S Probation/Pretrial Services. Parties present evidence. Govt proffers bond report. Dft proffers facts that Dft is employed, has residence w/girlfriend in Chicago and has a child to support. Argument heard. Court makes finding that Dft is not danger to community but is flight risk. Dft ORDERED held w/o bond pending trial. Detention Order to follow. Dft can appeal decision to District Court. Dft waives reading of Indictment and pleads NOT GUILTY to all counts. Arraignment Order attached to this minute setting forth deadlines/hearing. Pretrial Motions due by 7/11/2007. Jury Trial (primary setting) set for 8/14/2007 08:30 AM in Hammond before Judge Philip P Simon. Final Pretrial Conference set for 7/27/2007 03:00 PM in Hammond before Magistrate Judge Andrew P Rodovich. Dft REMANDED.(Digitally Recorded.) (plm) (Entered: 06/11/2007) |
| 06/12/2007 | ❶9 | ARREST Warrant Returned Executed on 6/7/07 in case as to Issachar B Humphrey. (tlr) (Entered: 06/12/2007) |
| 06/12/2007 | ❶10 | OPINION AND ORDER OF DETENTION as to Defendant Issachar B Humphrey: Government's motion for pretrial detention is GRANTED and Defendant is ORDERED HELD WITHOUT BOND. Signed by Judge Andrew P Rodovich on 6/12/07. (cer) (Entered: 06/13/2007) |
| 07/27/2007 | ❶11 | PRETRIAL CONFERENCE as to Issachar B Humphrey held on 7/27/2007 before Judge Andrew P Rodovich. Govt appeared by AUSA |

| | | Daniel Bella. Dft appeared by atty Clark Holesinger. Parties inform court a plea will be filed and instructed to obtain a date for the change of plea from the district court. See attached memorandum for complete details. (plm) (Entered: 07/27/2007) |
|---|---|---|
| 08/02/2007 | 🔵12 | PLEA AGREEMENT as to Issachar B Humphrey (Bella - AUSA, Daniel) (Entered: 08/02/2007) |
| 08/06/2007 | 🔵13 | NOTICE OF HEARING as to Issachar B Humphrey: Change of Plea Hearing set for 8/7/2007 02:00 PM in Hammond before Judge Philip P Simon. (nac) (Entered: 08/06/2007) |
| 08/07/2007 | 🔵14 | CHANGE OF PLEA HEARING as to Issachar B Humphrey held on 8/7/2007 before Judge Philip P. Simon. Gov't present by Daniel Bella, AUSA. Dft Issachar B Humphrey is present in person and by cnsl Clark Holesinger. U.S. Probation Officer J. Lawton is present in person. Plea of Guilty as to Count 1 entered by dft. Dft advised of Constitutional rights, charges and penalties. Court orders judgment of guilty entered upon the dft's plea of guilty to count 1 of the Indictment. Plea of guilty is accepted by the Court. Court reserves acceptance of plea agreement pending a review of the Presentence Investigation Report. Referred to U.S. Probation Office for PSI Report. Sentencing set for 11/6/2007 01:00 PM in Hammond before Judge Philip P Simon. The trial date of 8/14/2007 is VACATED on the Court calendar of Judge Philip P. Simon. (Court Reporter Sharon Boleck-Mroz.) (nac) (Entered: 08/07/2007) |
| 08/07/2007 | 🔵 | Terminate Past Deadlines as to Issachar B Humphrey. (nac) (Entered: 08/07/2007) |
| 11/07/2007 | 🔵15 | NOTICE OF HEARING as to Issachar B Humphrey: Sentencing RESET for 11/30/2007 09:30 AM in Hammond before Judge Philip P Simon. The previous date of 11/6/2007 was VACATED from the Court calendar of Judge Philip P. Simon.(nac) (Entered: 11/07/2007) |
| 11/29/2007 | 🔵16 | NOTICE OF HEARING as to Issachar B Humphrey: Sentencing RESET from 9:30 a.m. to 1:00 p.m. on 11/30/2007 in Hammond before Judge Philip P Simon. (change in time only).(nac) (Entered: 11/29/2007) |
| 11/30/2007 | 🔵17 | NOTICE OF MANUAL FILING of SEALED DOCUMENT by United States of America as to Issachar B Humphrey (Bella - AUSA, Daniel) (Entered: 11/30/2007) |
| 11/30/2007 | 🔵18 | MOTION to Dismiss by United States of America as to Issachar B Humphrey. (Bella - AUSA, Daniel) (Entered: 11/30/2007) |
| 11/30/2007 | 🔵19 | SENTENCING held on 11/30/2007 for Issachar B Humphrey before Judge Philip P. Simon. Gov't present by D. Bella, AUSA. Dft in person and by cnsl Clark Holesinger. U.S. Probation Officer Janice Lawton is present. Court accepts plea agreement. Court GRANTS the sealed motion fld by the Gov't and accepts the reasoning of the Gov't regarding the sentence. Dft sentenced on count 1: BOP: 6 months. Supervised Release of 3 years. Special Assessment of $100.00. No fine imposed. Restitution of $8,896.83 to Bank One (Chase), payable at a minimum rate of $50.00 |

| | | |
|---|---|---|
| | | per month, payments to be made to Clerk of Court. Dft orally moves for dismissal of remaining counts - GRANTED, Gov't to follow up with written motion/form order: Counts 2 and 3: Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and by ORDER of the Court, counts 2 and 3 are DISMISSED agnst dft Issachar B. Humphrey. Dft advised of rights to an appeal. Cnsl reminded of duty to perfect appeal, should client wish. (Court Reporter Sharon Boleck-Mroz.) (nac) (Entered: 11/30/2007) |
| 11/30/2007 | ●20 | JUDGMENT as to Issachar B Humphrey. Signed by Judge Philip P Simon on 11/30/2007. (nac) (Entered: 11/30/2007) |
| 11/30/2007 | ●21 | MOTION to Seal Document by United States of America as to Issachar B Humphrey. (kjp) (Entered: 12/03/2007) |
| 11/30/2007 | ●22 | Sealed Document (kjp) (Entered: 12/03/2007) |
| 12/03/2007 | ●23 | AMENDED JUDGMENT as to Issachar B Humphrey (Jdgmt amended due to clerical error in the spelling of dft's last name on original jdgmt). Signed by Judge Philip P Simon on 12/3/2007. (nac) (Entered: 12/03/2007) |
| 12/03/2007 | ●24 | ORDER GRANTING 18 MOTION to Dismiss by United States of America as to Issachar B Humphrey. Counts 2 and 3 of Indictment are DISMISSED WITH PREJUDICE. Signed by Judge Philip P Simon on 12/3/07. (cer) (Entered: 12/04/2007) |
| 12/03/2007 | ● | (Court only) ***Case Terminated as to Issachar B Humphrey (lrm) (Entered: 12/26/2007) |
| 01/03/2008 | ●25 | ORDER as to Issachar B Humphrey transferring probation jurisdiction to the Northern District of IL. Awaiting /s/ of accepting Court. Signed by Judge Philip P Simon on 1/3/08. Original returned to USPO. (kjp) (Entered: 01/04/2008) |
| 03/03/2008 | ●26 | Probation Jurisdiction Transferred to Northern District of Illinois (Chicago) as to Issachar B Humphrey. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet and ledger. (kjp) (Entered: 03/03/2008) |

| INN - PROB 22 Rev. 05/04 | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | 0755 2:06CR00136 |
| TRANSFER OF JURISDICTION | | DOCKET NUMBER *(Rec. Court)* |
| | | |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Issachar B Humphrey | Northern District Of Indiana | Hammond |
| | NAME OF SENTENCING JUDGE | |
| Chicago, IL  60629 | Honorable Philip P. Simon | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 12/05/2007 | TO 12/04/2010 |

**FILED**

FEB 2 0 2008

STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF IND.

| OFFENSE |
|---|
| BANK FRAUD |

JUDGE LEINENWEBER

08CR   0164

MAGISTRATE JUDGE SCHENKIER

**FILED**
2-25-08
FEB 2 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| PART 1 - ORDER TRANSFERRING JURISDICTION |
|---|

UNITED STATES DISTRICT COURT FOR THE _____ Northern District Of Indiana

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the    Northern District of Illinois (Chicago)    upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_____1 - 3 - 08_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

| PART 2 - ORDER ACCEPTING JURISDICTION |
|---|

UNITED STATES DISTRICT COURT FOR THE    NORTHERN    DISTRICT OF _____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

A TRUE COPY, ATTEST
MICHAEL W. DOBBINS, CLERK

By _____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

FEB 2 2 2008
DATE: 2-27-08

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
Court and cause
STEPHEN R. LUDWIG, CLERK
By _____
DEPUTY CLERK
Date: 3/3/08

_____
Effective Date

_____
United States District Judge